UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

DORIAN MCBRIDE,

        Plaintiffs,

v.

GOODWILL INDUSTRIES OF
SOUTH FLORIDA INC., REYNA
ELIZABETH MARTINEZ CHAVEZ,
HUGO MATIZ, JESUS CUBA, and
JESSICA CARDENAS,

        Defendants.

_____/

Case No.: 26-cv-61621-AHS

## DEFENDANTS' PARTIALLY UNOPPOSED MOTION FOR EXTENSION OF TIME FOR ALL DEFENDANTS TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, Goodwill Industries of South Florida, Inc. ("Goodwill"), Reyna Elizabeth Martinez Chavez ("Martinez Chavez"), Hugo Matiz ("Matiz"), Jesus Cuba ("Cuba"), and Jessica Cardenas ("Cardenas") (collectively, "Defendants"), respectfully move for a brief ten-day extension of time, through and including July 2, 2026, for all Defendants to respond to the Amended Complaint filed by *pro se* Plaintiff, Dorian McBride ("Plaintiff"), and state as follows:

### I. BACKGROUND

1. On May 12, 2026, Plaintiff commenced this action by filing a Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-26-007828.  Later that same day, Plaintiff filed an Amended Complaint.

2. Both the original Complaint and the *70-page* Amended Complaint appear to assert claims arising under 42 U.S.C. § 1981, as well as claims under the Florida Civil Rights Act and the Florida Private Sector Whistleblower Act.

3. Because federal-question jurisdiction existed from the commencement of the action,

1

Defendants removed the action to this Court by filing a Notice of Removal on June 3, 2026.

4. Following removal, the deadlines for Defendants to respond to the Amended Complaint are governed by Federal Rule of Civil Procedure 81(c)(2).

5. Defendants Goodwill and Martinez Chavez were served with process on May 14, 2026, while Defendants Matiz, Cuba, and Cardenas were served with process on June 1, 2026.

6. On June 4, 2026, Defendants filed a Motion for Extension of Time requesting that the deadline for Defendants Goodwill and Martinez Chavez to respond to the Amended Complaint be extended and aligned with the response deadline applicable to Defendants Matiz, Cuba, and Cardenas, so that all Defendants could prepare and file a consolidated response to the Amended Complaint. [Doc. 4].

7. On June 9, 2026, the Court granted Defendants' Motion for Extension of Time, **establishing June 22, 2026, as the current deadline** for all Defendants to respond to the Amended Complaint. [Doc 7].

## II. GOOD CAUSE EXISTS FOR THE REQUESTED EXTENSION

8. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), the Court may, for good cause, extend a deadline when a request is made before the expiration of the original deadline. This Motion is timely because it is filed before the current June 22, 2026 deadline for Defendants to respond to the Amended Complaint.

9. Good cause exists for the requested extension. Defendants were unaware that Plaintiff had filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") until Plaintiff alleged the existence of the Charge in this lawsuit. After learning of the Charge through Plaintiff's allegations, Defendants submitted a Freedom of Information Act request to the EEOC seeking records relating to the Charge and its administrative processing. Defense

counsel recently received responsive documents and is presently reviewing those materials, which raise questions regarding the administrative processing of Plaintiff's Charge of Discrimination, including whether Defendants received notice of the Charge and an opportunity to participate in the administrative process before Plaintiff initiated this lawsuit. Additional time is necessary to complete that review, investigate the administrative history of the Charge, and evaluate the impact of the EEOC records on Defendants' anticipated response to the Amended Complaint.

10. Additional time is also warranted in light of the Florida Supreme Court's recent decision in *Gessner v. Southern Company*, 51 Fla. L. Weekly S143 (Fla. May 28, 2026), which addresses issues bearing on the pleading and viability of claims asserted under the Florida Private Sector Whistleblower Act, section 448.102(3), Florida Statutes. Because the decision was issued only recently and may affect the analysis of Defendants' response to Plaintiff's claims, Defendants require additional time to evaluate its application to the allegations contained in the Amended Complaint and to determine its impact on Defendants' responsive filing.

11. Further, Plaintiff's Amended Complaint spans approximately seventy (70) pages, contains extensive factual allegations, and asserts multiple purported claims against multiple Defendants. Defendants require additional time to review the allegations, analyze the claims asserted against each Defendant, evaluate potential jurisdictional and pleading issues, complete their factual investigation, and prepare a comprehensive consolidated response.

12. This Motion is made in good faith, is not interposed for purposes of delay, and will not prejudice Plaintiff. Rather, the requested extension will permit Defendants to complete their investigation, evaluate recently obtained administrative records and intervening legal authority, and prepare an appropriate and efficient response to the Amended Complaint,

3

thereby promoting the just and orderly resolution of this action and conserving judicial and party resources.

WHEREFORE, Defendants, Goodwill Industries of South Florida, Inc., Reyna Elizabeth Martinez Chavez, Hugo Matiz, Jesus Cuba, and Jessica Cardenas respectfully request that the Court enter an Order extending their deadline to respond to the Amended Complaint **through and including July 2, 2026**, and grant such other and further relief as the Court deems just and proper.

### III. <u>LOCAL RULE 7.1(a) CERTIFICATION</u>

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that she conferred with Plaintiff regarding the relief requested in this Motion. Specifically, Defendants' counsel emailed Plaintiff on June 18, 2026, requesting Plaintiff's position concerning the requested ten-day extension of Defendants' deadline to respond to the Amended Complaint sought by this Motion. Plaintiff thereafter responded via email indicating that he would agree only to a two- to five-day extension. Because Plaintiff does not agree to the full relief requested herein, Defendants respectfully submit that this Motion is partially agreed to and partially opposed.

Dated this 18th day of June, 2026.

Respectfully submitted,

SPIRE LAW, PLLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

By: */s/ Jamie White & Alyssa Castelli*
Jamie L. White, Esq.
Florida Bar No. 100018
Alyssa Castelli, Esq.
Fla. Bar No.: 1032306
jamie@spirelawfirm.com
alyssa@spirelawfirm.com
marcela@spirelawfirm.com
filings@spirelawfirm.com

4

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 18th day of June, 2026, a true and correct copy of the foregoing was electronically filed through the CM/ECF system and served via email to *pro se* Plaintiff, Dorian McBride, at mcbride_dorian@yahoo.com.

*/s/ Jamie White___*
Jamie L. White, Esq.
